## 46609. TRAMMELL v. THE STATE.

DEEN, Judge. The defendant pleaded guilty to possession of fourteen pints of tax-paid liquor in a dry county, a misdemeanor, and was sentenced to a term of twelve months and fine of $500. She contends the sentence amounts to cruel and unusual punishment in contravention of Constitutional provisions (*Code* § 1-808) based on her physician's affidavit that she is a drug addict, and which states in part: "It is my professional opinion that if she were incarcerated in a jail and completely withdrawn

from her narcotics, it could precipitate a very severe or fatal cardiovascular condition. . . She has been an addict for such a very long time that I would doubt that it would be possible to completely withdraw her drugs at any time in the future. In fact, I feel that her body has undergone a physical change and demands her addictive drug for survival."

*Code* § 77-310 (d) provides in part that "upon being presented with a proper certification from the county physician of a county where a person is sentenced to prison, that such person so sentenced is a dope addict. . . to the extent that his health will be impaired or his life endangered without immediate treatment, the Board of Corrections is hereby directed to transfer such prisoner to the Criminal ward or facility of the State Hospital at Milledgeville." If the facts set forth in the affidavit are correct, it would become the duty of the Board of Corrections (which under the terms of the sentence chooses the institution in which she will be incarcerated) to transfer the prisoner to the hospital where she could be placed under proper medically supervised treatment. The sentence is not illegal.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED OCTOBER 4, 1971—DECIDED OCTOBER 27, 1971—
REHEARING DENIED NOVEMBER 18, 1971.

*Ralph C. Smith, Jr.,* for appellant.
*Bruce W. Kirbo, Solicitor,* for appellee.